IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HEAVENLY SOVEREIGNTY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. SAG-23-764 |
| CYNTHIA CARTER, *Warden*, | * | |
| Respondent. | * | |
| | *** | |

## **MEMORANDUM**

Petitioner Heavenly Sovereignty filed a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, ECF 1, and a Motion for Summary Judgment, ECF 4. The Warden has opposed the petition, ECF 10, and Petitioner has replied, ECF 11. Having reviewed the Petition, Motion, and related filings, this Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be denied and dismissed and the Motion for Summary Judgment will be denied.

**Background**

In 2013, Petitioner entered a guilty plea in the United States District Court for the Eastern District of Virginia. Petitioner received a thirty-year prison sentence for conspiracy to distribute and possession with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Sovereignty*, Criminal No. REP-DJN-13-72 (E.D. Va. 2013), ECF Nos. 164, 166. A Presentence Investigation Report ("PSR") filed by the Probation Officer on June 26, 2013, determined that Sovereignty qualified as a career offender under USSG § 4B1.1 "due [to] his prior convictions for Aggravated Assault, Burglary II, Assault with Intent to Obstruct Justice, and Carjacking." *Id*., ECF No. 149 at 29-30. As a result of this criminal history,

the PSR suggested an increase in Sovereignty's Criminal History Category from V to VI, which resulted in an increase of the Guidelines sentencing range from 292-365 months to 324-405 months.1  *Id.* at 30, 43; *see also* USSG Sentencing Table (2012).

Prior to sentencing, the parties each filed memoranda regarding the Guidelines calculations contained in the PSR.  *See United States v. Sovereignty,* Criminal No. REP-DJN-13-72, ECF Nos. 151 and 152.  The government did not request any adjustments and agreed with the Report's career offender determination.  *Id.*, ECF No. 152 at 2.  Sovereignty, through counsel, stated that, after meeting with the probation officer and opposing counsel, he was "prepared to proceed without objection, with the sentencing hearing."  *Id.*, ECF No. 151 at 1.  On July 10, 2013, Sovereignty was sentenced to 360 months' incarceration.  *Id.*, ECF No. 164.

Subsequently, Sovereignty filed numerous motions challenging his sentence; each was denied.  *See United States v. Sovereignty,* Criminal No. REP-DJN-13-72, ECF No. 345 (18 U.S.C. § 3582(c)(2) motion for reduction of sentence); ECF No. 356 (28 U.S.C. § 2255 petition to correct sentence); ECF No. 425 (second § 3582(c)(2) motion); ECF No. 437 (motion for compassionate release); ECF No. 470 (titled as a motion filed under Fed. R. Civ. Pro. 60(d)(1) but docketed and denied as a successive § 2255 motion, *see* ECF No. 472).

In his Petition filed in this Court, Sovereignty argues that he is being held in violation of the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 4. Sovereignty contends that due to a "new procedural law conspiracy no longer qualifies as a controlled substance offense" and therefore his designation as a career offender is improper. *Id*. Sovereignty also filed a Motion for Summary Judgment in support of his Petition arguing that he is entitled to resentencing and summary judgment. Sovereignty contends that his sentence is invalid because, based on the

---

1 This Court notes that the 360-month sentence Petitioner received fell within his advisory Guidelines range whether he was a career offender or not.

decision in *Collins v. Entzel*, No. 2:18-CV-95, 2019 WL 3850541 (N.D.W.Va. Aug. 15, 2019), "conspiracy no longer qualifies as a controlled substance offense." ECF No. 4 at 1. He also contends that he is entitled to resentencing under Section 404 of the Fair Sentencing Act of 2010. *Id*. at 2. In his Reply, Sovereignty argues for the first time that his sentence violates the Ex Post Facto Clause. ECF No. 11 at 1. He also argues that "[t]he Government's contention that [he] possessed a firearm during the conspiracy to protect the drugs or during some felony without reliable testimony is contrary to law because Petitioner could not be able to defend against might and might nots in this case." ECF No. 11 at 2.

## Standard of Review

The threshold question presented here is whether this claim may be properly raised in a § 2241 petition. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[2] It provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate

---

[2] 28 U.S.C. § 2255 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

or ineffective to test the validity of his detention." 28 U.S.C. § 2255.  The United States Court of Appeals for the Fourth Circuit has held that:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  In *Collins v. Entzel*, a case relied on by Sovereignty, the Fourth Circuit reaffirmed that a petition filed under § 2241 challenging the legality of a sentence which relies on the savings clause of § 2255(e) must meet the *Wheeler* test in order for the Court to have subject matter jurisdiction to consider the merits of the claims.

## Analysis

Sovereignty cannot meet each prong of *Wheeler*.  He does meet the first prong of the *Wheeler* test because the sentencing court followed settled law when Sovereignty was sentenced in July of 2013.  *See Wheeler*, 886 F.3d at 428.  At the time of Sovereignty's sentencing, the 2012 Sentencing Guidelines established that conspiracy under § 846 qualified as a controlled substance offense and contributed to the career offender classification.  *See* USSG §§ 4B1.2(b) and 4B1.2 n. 1 (2012) ("controlled substance offense[s]' include . . . conspiring. . . to commit" offenses described in 4B1.2(b)).  Sovereignty's conspiracy offense (§ 846), coupled with his prior qualifying offenses, allowed, at the time of sentencing, his career offender designation.  *See* USSG § 4B1.2(b) (2012); *United States v. Bell*, 523 Fed. App'x 956, 961 (4th Cir. 2013) (affirming, two months before Sovereignty's sentencing, that qualifying career offender offenses included § 846 conspiracy).

Sovereignty fails, however, to meet the second prong of the *Wheeler* test. Although the Fourth Circuit has signaled a change in the substantive law regarding the use of a § 846 conspiracy conviction as a qualifying career offender offense, that change has not been made retroactive on collateral review. In *United States v. Whitley*, 737 F.App'x 147, 148 (4th Cir. 2018), the Court held that conspiracy under 21 U.S.C. § 846 did not qualify as a predicate offense under the Career Offender Guidelines, § 4B1.1. However, neither the Fourth Circuit nor the Supreme Court have ruled whether the changes announced in *Whitley* are retroactive on collateral review. *See Brooks v. Bragg*, 735 Fed App'x 108, 109 (4th Cir. 2018) (holding appellant did not satisfy *Wheeler* because the relevant change in law that occurred in Petitioner's case was not "retroactively applicable"); *Gripper v. Ormond*, No. 3: 18CV580, 2019 WL 7580700, at *3 (E.D. Va. Dec. 17, 2019); report and recommendation adopted, 2020 WL 215498 (E.D. Va. Jan. 14, 2020) (holding petitioner did not satisfy *Wheeler* because change in law was not "retroactively applicable"); *Taylor v. Carter*, Civil Action No. PJM-23-538, 2023 WL 3851795 at *2-3 (D. Md. 2023) (holding that Petitioner failed to satisfy the second *Wheeler* prong where although the rule change was substantive, it had not been deemed retroactive for purposes of collateral review by the Fourth Circuit or Supreme Court); *Terry v. Stewart*, Civil Action No. TDC-18-1285, 2021 WL 1018616 at *4 (D. Md. 2021) (same).

Sovereignty does satisfy the third prong of *Wheeler* because he cannot file a successive § 2255 petition under § 2255(h)(2). *See Wheeler*, 886 F.3d at 429. A petitioner may file a second or successive § 2255 if a "panel of the appropriate court of appeals" certified that the petition contains "a new rule of constitutional law, made retroactive to cases on collateral reviewer by the Supreme Court, that was previously unavailable." § 2255(h)(2). Sovereignty cannot meet that standard. As such, relief through a successive § 2255 petition is not available to him.

Lastly, Sovereignty cannot satisfy the fourth prong of the *Wheeler* test because the alleged sentencing error was not "sufficiently grave" to constitute a fundamental defect. *Wheeler*, 886 F.3d at 429. In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Petitioner argued that his sentence was unconstitutional due to a subsequent Fourth Circuit decision that invalidated his career offender designation. *Id*. at 932. In denying the petition, the Court determined that the alleged sentencing error was not a fundamental defect because: (1) habeas relief is limited to extraordinary cases where "failure to entertain the claim would result in a fundamental miscarriage[] of justice" (*id*. at 940) and such cases are restricted to capital sentencing cases involving "actual innocence" (*id*. at 941); and (2) because the Guidelines are merely advisory and Petitioner's sentence fell below the statutory maximum, the Court found it "would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as violation of a statute or constitutional provision." *Id*. Sovereignty, like *Foote*, was sentenced pursuant to the advisory guidelines scheme and his sentence fell below the statutory maximum. Moreover, as noted above, the sentence imposed was within Sovereignty's advisory Guidelines range even if he were not a career offender. As such, Sovereignty fails to establish the fourth prong of *Wheeler* and the Court lacks jurisdiction to review his claim.

Additionally, even if the Court had jurisdiction over his claims, they would fail. Assuming Sovereignty no longer qualifies as a career offender under the Guidelines, his sentence remains constitutional because the sentence adhered to the law in place at the time of sentencing and because the Guidelines at the time of Sovereignty's sentencing were advisory. "[W]hile the career offender designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself—then or now.'" *Foote*, 784 F.3d at 943 (quoting *United States v. Addonizio*, 442 U.S. 178, 187 (1979)). Because Sovereignty was sentenced under advisory

6

Guidelines, his sentence continues to be constitutional despite later changes to the Guidelines being made. Given the lack of legal force attributed to the Guidelines, an alleged misapplication of the Guidelines does not fall into the same category as a "violation of a…constitutional provision." *Id.* at 942. Accordingly, notwithstanding the change in the law, Sovereignty's sentence remains constitutionally valid and he is not entitled to habeas relief under § 2241.

Lastly, as to Sovereignty's request for a sentence reduction under the First Step Act, only the sentencing court has jurisdiction to modify a sentence. *See* First Step Act. 404(b), 132 Stat. at 5222 (authorizing the "court that imposed a sentence for a covered offense" to reduce a defendant's sentence); *see also* 18 U.S.C. § 3582(c); *Terry v. Stewart*, Civil Action No. TDC-18-1285, 2021 WL 1018616 *4 (D. Md. 2021) (holding only sentencing court has jurisdiction to modify a sentence under First Step Act § 404(b). Sovereignty therefore may seek relief under the First Step Act in the United States District Court for the Eastern District of Virginia. The request to this Court is denied.

## Conclusion

Sovereignty has failed to demonstrate entitlement to review of his claims under 28 U.S.C. § 2241, therefore habeas relief shall be denied. A habeas petitioner may not appeal the final order on a petition without first having received a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)). The Court finds that the legal standard for issuance of a certificate of appealability has not been met and thus declines to issue one. Sovereignty may seek such a certificate from the Fourth Circuit. *See* Fed. R. App. P. 22(b).

A separate order follows.


October 30, 2023                                           /s/
Date                                         Stephanie A. Gallagher
                                             United States District Judge